# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA
## Northeastern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| | ) Criminal No.: 5:06-CR-00225-KOB-JEO |
| v. | ) |
| | ) |
| **JOSHUA CLARK,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR EARLY DISCLOSURE OF JENCKS MATERIAL AND TIMELY DISCLOSURE OF BRADY/GIGLIO MATERIAL**

Early disclosure of Brady/Giglio and Jencks should be a matter of routine practice by the government in order to insure that a defendant has an adequate opportunity to prepare his or her defense. See The American Bar Association Standards for Criminal Justice, §11-2.2 (The Prosecution Function) (1980). The government has indicated that its position is that Jencks and Brady/Giglio information will be made available (7) days prior to trial. However, the government's contemplated disclosure schedule provides the defendants with no meaningful relief because it will not provide sufficient opportunity for counsel to investigate the disclosed information.

This is a case with possibly an unknown amount of documents and other forms of tangible evidence. Although the defense has not yet completed discovery, we have already reviewed a number documents presently in possession of the government. Investigation and preparation for trial is truly a daunting task, particularly given the fact that all defense counsel have significant responsibilities in other cases. In order for the defense to be prepared, all Brady/Giglio material should be disclosed immediately, and all Jencks material should be disclosed no later than (14) days before trial or any time deemed reasonable by the Court.

In this case, there are no considerations which would support a government request for late disclosure of Jencks. Rather, the only reason for late disclosure in this case is to provide the government with a strategic advantage, even beyond the advantage that it has gained by having investigated this case for some time before deciding to seek an indictment.

I.   EARLY DISCLOSURE OF JENCKS MATERIAL

Jencks Act material should be provided to the defense so as to furnish the defendants and defense counsel with sufficient time to examine and utilize this material in a meaningful manner before and during trial. United States v. Holmes, 722 F.2d 37, 40 (4th Cir. 1983).  What that means in terms of timing depends on the specific facts and circumstances of the case.  It is clear, however, that the Court, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, has the authority to override the timing provisions set forth in the Act and in Rule 26.2. See United States v. Snell, 899 F. Supp. 17, 24 (D. Mass. 1995) ("nothing in the statute [] pre-empts the court's ability, consistent with its obligations over case management, to order earlier disclosure than required by the Act."). Indeed, Rule 26.2, unlike its predecessor the Jencks Act, contains no language explicitly precluding the disclosure of witness statements prior to trial. Compare Fed. R. Crim. P. 26.2 with 18 U.S.C. §3500(a).

The Rule also provides that the court may make an accommodation, upon request by accused's counsel, so that counsel is provided adequate time to make use of Jencks material. Fed. R. Crim. P. 26.2(d). That section states:

> Upon delivery of the statement to the moving party, the court, upon application of that party, may recess proceedings in the trial from the examination of such statement and for preparation for its use in the trial.

The prosecution should disclose Jencks material to defense counsel as soon as practicable following the defense request for disclosure because it will not only assist the defendant in achieving a fair trial, but also serve the public interest in expediting the fair resolution of criminal cases. See ABA Standards for Criminal Justice, §11-2.2; see, e.g., United States v. Tarantino, 846 F.2d 1384, 1415 n.12 (D.C. Cir.), cert. denied, 488 U.S. 840 (1988); United States v. Hinton, 631 F.2d 769, 782 (D.C. Cir. 1980); United States v. Poindexter, 727 F.Supp. 1470, 1484-85 (D.D.C. 1989).

In United States v. Hinton, the District of Columbia Circuit recognized the potential impact of late Jencks disclosure upon the defendant's Sixth Amendment rights. United States v. Hinton, 631 F.2d 769, 782 (D.C. Cir. 1980). There, during a suppression hearing, defense counsel was provided with "voluminous Jencks material" in the form of FBI 302s. Id. at 781. The Circuit Court held that "in the rush and confusion" of the hearing, counsel failed to recognize "the critical importance of the 302's" and, as a result, the appellant was deprived of her constitutional right to the "informed, professional deliberation of counsel." Id. at 782.

Here, in order to accomplish even a rudimentary investigation so as to begin to be able to provide effective assistance to the defendant, the defense will require obtaining the Jencks material well before the jury is sworn. See United States v. Holmes, 722 F.2d 37, 41 (4th Cir. 1983) (Noting that providing materials one day before trial began did not "afford[] a reasonable opportunity to examine and digest" the documents.).  In addition to the obvious adverse impact on the court's calendar, such delays will unfairly prejudice the defendant's Fifth and Sixth Amendment rights because he and his counsel will be viewed by the jury as responsible for the delays and for the overall length of the trial.

The remedy is obvious. For as the Fourth Circuit noted, it is not uncommon, particularly "in cases where there are many statements or where the bulk of witness statements is large," for the government to agree or for the court to order early disclosure of <u>Jencks</u> material." <u>Holmes</u>, 722 F.2d at 40.

II.   TIMELY DISCLOSURE OF <u>BRADY/GIGLIO</u> MATERIAL

Unlike our request for <u>early</u> disclosure of <u>Jencks</u> material, this request is merely for <u>timely</u> disclosure of <u>Brady/Giglio</u> material. This material is immediately discoverable under both Fed. R. Crim. P. 16(a)(1)(C) (information which is "material to the preparation of the defendant's defense") and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). In <u>Stricker v. Greene</u>, 527 U.S. 263 (1999), the Court emphasized that <u>Brady</u> material includes "impeachment evidence as well as exculpatory evidence." <u>Id.</u> at 280 (<u>citing</u> <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985)).

With regard to <u>Brady</u> material, such information is to be turned over "at such time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case. ..." <u>United States v. Pollack</u>, 534 F.2d 964, 973 (D.C. Cir.), <u>cert. denied</u>, 429 U.S. 924 (1976); <u>see</u> <u>United States v. Starusko</u>, 729 F.2d 256, 261 (3d Cir. 1984) (noting that <u>Brady</u> information which will require defense investigation or more extensive defense preparation should be disclosed at an early stage of the case); <u>see, e.g.</u>, <u>Poindexter</u>, 727 F. Supp. at 1485 (noting the government's obligation to "immediately" produce to the defendant any exculpatory evidence, even if that evidence is contained in its <u>Jencks</u> materials); <u>Recognition Equipment, Inc.</u>, 711 F. Supp. at 14 (ordering immediate disclosure of exculpatory and impeachment evidence).

The government's only possible basis for resisting both early disclosure of <u>Jencks</u> and timely disclosure of <u>Brady/Giglio</u> is to claim that such disclosure will pose a threat to the government's witnesses. There is no basis for such an assertion in this case. There has been no suggestion of any attempt to obstruct justice. Any government "speculation" about potential threats to witnesses is far outweighed by the defendants' right to a fair trial. See <u>Pollack</u>, 534 F.2d at 974 (Noting that courts should balance in each case "the potential dangers of early disclosure against the need that <u>Brady</u> purports to serve of avoiding wrongful convictions," and that "early disclosure should be required where the 'dangers' are speculative and where early disclosure is necessary ...for a fair trial.") Here, none of the defense counsel is aware of any potential risk posed by the disclosure of this information, other than the risk that the defense will have an opportunity to investigate these witnesses and conduct a more thorough cross-examination. To the extent that the government maintains that any threat exists, the government should be required to demonstrate on a case-by-case basis the threat to a particular witness before the court issues a blanket order with regard to every witness.

Accordingly, in order to afford the defendant a meaningful opportunity to contest the charges against him by confronting his accusers with the effective assistance of counsel in a fashion which will not jeopardize his standing before the jury, the defendant request that the government be ordered to disclose all <u>Brady/Giglio</u> material to defense counsel immediately, and all <u>Jencks</u> material (14) days before trial in this matter.

Respectfully submitted,

*/s/ Electronic Signature*

ENZA D. GILES

Counsel for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed with the Clerk of the United States District Court and all parties using the CM/ECF system and served upon Alice H. Martin, United States Attorney, and, Alison S. Blackwell, Assistant United States Attorney, at the Office of the United States Attorney, 1801 4th Avenue North, Birmingham, Alabama 35203-2101, on this 9th day of January, 2007.

*/s/ Electronic Signature*

ENZA D. GILES

Counsel for Defendant